**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4816

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KIRK ANTONY CHANDLER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00106-CCE-1)

Submitted: June 25, 2015        Decided: June 29, 2015

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kirk Antony Chandler pled guilty without a plea agreement to one count of receiving child pornography, in violation of 18 U.S.C.A. § 2252A(a)(2), (b)(1) (West Supp. 2014), and was sentenced to 90 months in prison. Chandler's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 when it accepted Chandler's guilty plea and whether Chandler's sentence is reasonable. Chandler has not filed a pro se supplemental brief despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. Finding no error, we affirm.

Because Chandler did not move in the district court to withdraw his plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Chandler must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013); United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden of demonstrating that an error affected his substantial rights by "show[ing] a reasonable probability that, but for the error, he

2

would not have entered the plea." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted). We have reviewed the transcript of Chandler's Rule 11 hearing and conclude that the district court complied with Rule 11, that Chandler's guilty plea was knowing and voluntary, and that there was a factual basis for the plea. Accordingly, we affirm Chandler's conviction.

We review Chandler's sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth at 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured

against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

We conclude that Chandler's sentence is procedurally and substantively reasonable. The district court correctly calculated Chandler's Guidelines range; granted, in part, Chandler's motion for a downward variance; and adequately explained its reasons for imposing the 90-month variant sentence. Moreover, Chandler offers nothing to rebut the presumption of reasonableness this court affords his below-Guidelines sentence. See United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Thus, we affirm Chandler's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Chandler, in writing, of the right to petition the Supreme Court of the United States for further review. If Chandler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Chandler. We dispense with oral argument because the facts and legal arguments are

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED